# SUPREME JUDICIAL COURT,

FOR THE

# MIDDLE DISTRICT,

# 1853.

## COUNTY OF LINCOLN.

## NEWBIT *versus* STATUCK.

In an indictment for perjury, the falsity of the testimony, given by the accused, cannot be proved, except by something more than the testimony of one witness; the oath of such witness being balanced by the oath of the accused on the former trial.

In a suit for words charging the crime of perjury, a justification by the defendant that the charge was true, can be established only by evidence as strong as would have been necessary to convict the plaintiff of the perjury upon an indictment.

In such a suit, therefore, the testimony which the plaintiff gave upon the previous trial, is to be considered as evidence, to be weighed by the jury in connection with the other evidence in the case.

In such a suit, an allegation of the defendant's plea, that the false testimony, given by the plaintiff was *corruptly* given, cannot be supported by evidence which leaves the jury in doubt and uncertainty as to the plaintiff's motive.

Among slanderous words, actionable in themselves, are those which impute the crime of perjury.

An action for such words may be maintained without proof of special damage; the amount recoverable being referred to the jury.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

CASE, for slanderous words, charging the crime of perjury.

The defendant by brief statement, after averring that the plaintiff had been a witness for one Benj. Orchard upon the trial of an action against this defendant, proceeded to specify several propositions which this plaintiff had sworn to upon that trial, and then alleged that those propositions were untrue, and that, in relation to each one of them, the plaintiff knowingly "swore to an absolute lie, and so was guilty of perjury," and also pleaded that all the words which he spoke in relation to the plaintiff were without malice.

The defendant introduced evidence to show what testimony the plaintiff gave in the former suit, and evidence was introduced by both parties as to the defendant's having made the charge of perjury, and as to the truth or falsity of the testimony which the plaintiff had given in the former case.

Among other things the jury were instructed that, although the plaintiff could not testify in his own case, his testimony given in the former case having been introduced into this case by the defendant, they might, in coming to their conclusion respecting the truth or falsehood of that testimony, consider it as a part of the testimony in this case, in connection with the other testimony tending to prove its truth or falsity ;

Also, "that the burden of proof was upon the defendant to satisfy them that the allegations made in his brief statement were true ; that if they were not satisfied that those allegations were true or that any one of them was true, but were left in doubt and uncertainty, respecting them, the defence set up in the brief statement would fail."

A request was made by the defendant, that the jury might be instructed, that if they should find the defendant liable, the damages to be assessed should be but nominal, no damage having been proved. This requested instruction was not given.

The verdict was for the plaintiff, and the defendant excepted to the instruction given, and to the refusal to instruct.

*Lowell,* for the defendant.

Newbit *v.* Statuck.

1. The authorizing the jury to take, as evidence, the former testimony given by the plaintiff, was erroneous. The only cases in which such instructions could be proper, are those for malicious prosecution. 1 Greenl. Ev. p. 497 and notes; *Burlingame* v. *Burlingame,* 8 Cow. 141.

2. The instruction, that if the defendant's allegations in the brief statement were left, by the evidence, in doubt and uncertainty, the justification failed, was more stringent upon the defendant than the law required. This is a civil suit, and the parties were entitled to a verdict upon a *preponderance* of testimony. It was not necessary that all possible uncertainty or doubt should be removed. It was incumbent on the defendant to prove, 1st, what the testimony was, which the plaintiff had previously given; 2, that it was untrue; and 3d, that it was given corruptly. Whatever strength of testimony might be necessary for establishing the first and second of these requirements, the evidence to establish the corrupt motive, need not be such as to impel a conviction beyond all doubt. A preponderance *is* all that the nature of such an issue could demand.

3. We have proved what testimony the plaintiff had given, and that it was false. In such a stage of the case, the burden of proof should change, making it the plaintiff's duty to show that his testimony, though false, was given by mistake or without corrupt motive.

4. The requested instruction ought to have been given. *Whipple* v. *Cumberland Manf. Co.* 2 Story, 661; *Schoonover* v. *Rowe,* 7 Blackf. 202; 7 U. S. Dig. 8, 85, 346; *Allen* v. *Naley,* 5 Blackf. 200; *Beach* v. *Rouney,* 2 Hill, 309; *Shank* v. *Case,* 1 Smith, 87; *Landis* v. *Shanklin,* 1 Smith, 78; *Shortly* v. *Miller,* 1 Smith, 395.

*Evans,* for the plaintiff.

RICE, J. — This is an action on the case for slander. Defence, that the words spoken were true. Complaint is made that the Judge who presided at the trial, after instructing the jury that the burden of proof was upon the defendant to satisfy them that the allegations, in justification, contained in his

brief statement were true, also instructed them that, "if they were left in doubt and uncertainty respecting them, the defence contained in the brief statement would fail."

Without, at this time, going into the consideration of distinctions supposed to exist between the terms "preponderance of evidence," "satisfactory evidence," and that degree of evidence which shall exclude "all reasonable doubt," it is sufficient to say, that upon principle and authority, in actions of slander, wherein the allegation in the writ is, that the plaintiff has been charged with perjury, the defendant, to sustain a plea of justification, must give as conclusive proof as would be necessary to convict the plaintiff of perjury on an indictment. *Gants* v. *Vinard*, 1 Smith, 287; *Woodbeck* v. *Kellar*, 6 Cow. 118; *Lanter* v. *McEwen*, 8 Bl. 495; *Byrket* v. *Manahan*, 7 Bl. 83; 2 Yerg. 235. This instruction is not therefore open to objection.

Objection is also taken to the instruction that the testimony of the plaintiff on a former trial, which was introduced in this case by the defendant, might be considered by the jury as evidence in this case. Such a result legitimately and necessarily follows from the rule stated above. If the plaintiff were on trial for perjury, and one witness only were produced to swear that his testimony was false, a jury would not be authorized to convict without additional evidence, because the case would be in equilibrium, being oath against oath, and both given under circumstances where the obligation to speak the truth was alike binding. Such is the rule universally recognized in this class of prosecutions.

The requested instruction was properly withheld. When words are actionable in themselves, it is not necessary to alledge or prove special damage. In such cases, that some damage has been sustained, is an implication of law, and it is for the jury to determine the amount, having reference to the degree of malice exhibited by the defendant, and the injurious consequences necessarily resulting to the plaintiff.

*Exceptions overruled.*

WELLS, HOWARD and HATHAWAY, J. J., concurred.