## HAMMER *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 317.   Argued May 5, 1926.—Decided June 7, 1926.

1. False testimony before a referee in bankruptcy may constitute the offense of perjury under § 125 of the Criminal Code, and also that of knowingly making a false oath in a bankruptcy proceeding. Bankruptcy Act, § 29b.   P. 625.
2. When the facts alleged as perjury in an indictment for subornation include all the elements of perjury as well as false swearing in bankruptcy, it is a charge of subornation of perjury.   *Id.*
3. On a trial for subornation of perjury the falsity of the testimony charged as perjury can not be proved by the unsupported testimony of the alleged subornee.— P. 626.

6 Fed. (2d) 786, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a sentence for subornation of perjury committed before a referee in bankruptcy.

*Mr. Robert H. Elder,* with whom *Mr. Otho S. Bowling* was on the brief, for petitioner.

The taking of a false oath in bankruptcy is not perjury, but a different offense.   There cannot be subornation of

perjury without perjury. From this it follows that the indictment does not state a crime, since it appears on its face that the false oath stated to have been suborned was taken in bankruptcy. The evidence does not prove subornation of perjury, but of a false oath in bankruptcy. *Epstein* v. *United States,* 196 Fed. 354; *United States* v. *Wilcox,* 4 Blatch. 393; *Rex* v. *Hinton,* 3 Mod. 122; *People* v. *Teal,* 196 N. Y. 372; Hawkins, Pleas of the Crown, bk. I, ch. 69, § 10; 1 Russell, Law of Crimes, 7th ed., 527, 528–529; 2 Bishop New Crim. Law, § 1197a, § 1014. Congress not unfrequently has defined instances where false oaths are punishable, but not as perjury.

The perjury statute was in effect as R. S. 5392 when the Bankruptcy Act was enacted. Thus we have an earlier general act, followed by a later special act, each act comprising a definition of an offense and prescribing a penalty for it. The later special act removes such offenses as are covered by it from the operation of the earlier general act. *United States* v. *Tynen,* 11 Wall. 88; Lewis' Sutherland on Statutory Construction, pp. 480–481. Then, too, the later act (Bankruptcy Act) fixed the lesser penalty, and " in construing penal statutes, it is the rule that later enactments repeal former ones practically covering the same acts, but fixing a lesser penalty." *United States* v. *Yuginovich,* 256 U. S. 450. It may not be speaking with precision to refer to the Bankruptcy Act as having *pro tanto* " repealed " the perjury statute, because at the time the later statute was enacted the perjury statute did not cover false oaths in bankruptcy proceedings, for the good reason that there were no bankruptcy proceedings—there had not been a bankruptcy act in effect since 1878, 20 Stat. 99, repealing Bankruptcy Act of 1867. But the same principle of interpretation applies. It indicates a legislative purpose to create a new offense, and not to create a new species of the existing crime of perjury. Looking at the section as

a whole, we see that the purpose was to create a scheme, complete in itself, without requiring reference to any other statute, for the punishment of every kind of misconduct in bankruptcy. The scheme was to create three offenses.

See *Wechsler* v. *United States,* 158 Fed. 579; *Kahn* v. *United States,* 214 Fed. 54; *Schonfeld* v. *United States,* 277 Fed. 934; *Epstein* v. *United States,* 271 Fed. 282; *Ulmer* v. *United States,* 219 Fed. 641; *Epstein* v. *United States,* 196 Fed. 354.

If a false oath in bankruptcy can be prosecuted as perjury, then the rules of evidence governing perjury prosecutions apply. One of these rules is that the falsity of the oath cannot be proved by the uncorroborated testimony of a single witness. *Quong Ting* v. *United States,* 140 U. S. 417; *Second Nat'l Bank* v. *Weston,* 172 N. Y. 250; *People* v. *Davis,* 269 Ill. 256; 4 Wigmore on Evidence, §§ 2040–2041; *United States* v. *Wood,* 14 Pet. 430; *Hashagen* v. *United States,* 169 Fed. 396; *Clayton* v. *United States,* 284 Fed. 537; *People* v. *Doody,* 172 N. Y. 165; *State* v. *Wilhelm,* 114 Kan. 349; *People* v. *McClintock,* 191 Mich. 589; *State* v. *Burns,* 120 S. C. 523; *Schwartz* v. *Commonwealth,* 27 Gratt. (Va.) 1025; *Commonwealth* v. *Smith,* 93 Mass. 243; *Commonwealth* v. *Douglass,* 46 Mass. 241; *Stone* v. *State,* 118 Ga. 705; *Bell* v. *State,* 5 Ga. App. 701; *State* v. *Waddle,* 100 Ia. 57; *State* v. *Fahey,* 3 Pennew. 295; *State* v. *Renswick,* 85 Minn. 19; *State* v. *Richardson,* 248 Mo. 563; *Regina* v. *Highes,* 1 Car. & K. 519; *People* v. *Glass,* 191 *App. Div.* 483.

The conviction could not be sustained under the Bankruptcy Act, because the rule of evidence argued applies to false swearing under that act as well as to false swearing under the perjury statute. *Regina* v. *Browning,* 3 Cox. C. C. 437; *Aguierre* v. *State,* 31 Tex. Cr. 517; *Commonwealth* v. *Davis,* 92 Ky. 460.

*Mr. Gardner P. Lloyd,* Special Assistant to the Attorney General, with whom *Solicitor General Mitchell* was on the brief, for the United States.

False swearing in bankruptcy proceedings is perjury. *Wechsler* v. *United States,* 158 Fed. 579; *Epstein* v. *United States,* 196 Fed. 354; *Ulmer* v. *United States,* 219 Fed. 641; *Schonfeld* v. *United States,* 277 Fed. 934; *Glickstein* v. *United States,* 222 U. S. 139; *Cameron* v. *United States,* 231 U. S. 710; *Hashagen* v. *United States,* 169 Fed. 396; *Daniels* v. *United States,* 196 Fed. 459; *Gordon* v. *United States,* 5 Fed. (2d) 943; *Bauman* v. *Feist,* 107 Fed. 83; *Edelstein* v. *United States,* 149 Fed. 636, certiorari denied 205 U. S. 543; *Troeder* v. *Lorsch,* 150 Fed. 710, 713; *In re Chamberlain,* 180 Fed. 304, 309; *In re Gaylord,* 112 Fed. 668; *Baskin* v. *United States,* 209 Fed. 740.

Even if false swearing in bankruptcy proceedings is not perjury, the judgment of conviction may be sustained under § 332 of the Criminal Code and § 29 (b) of the Bankruptcy Act. *Williams* v. *United States,* 168 U. S. 382; *United States* v. *Stafoff,* 260 U. S. 477; *Vedin* v. *United States,* 257 Fed. 550.

The evidence was sufficient to sustain the judgment of conviction, and we believe both reason and authority are against application of the two witness rule in a case like the present where the perjurer himself testified on the trial of the petitioner that his previous testimony was false. *Boren* v. *United States,* 144 Fed. 801; *State* v. *Richardson,* 248 Mo. 563; *State* v. *Fahey,* 3 Pennewill 594; *People* v. *Evans,* 40 N. Y. 1, distinguished.

In addition to the foregoing cases, see *Commonwealth* v. *Douglass,* 46 Mass. 241; *Stone* v. *State,* 117 Ga. 705; *Bell* v. *State,* 5 Ga. App. 701; *State* v. *Wilhelm,* 114 Kan. 349; *State* v. *Renswick,* 85 Minn. 19; 4 Wigmore, Evidence, § 2040, *et seq.*

A majority of the cases in which the question has been fully considered support the view that the quantitative

theory of testimony is not a sound reason for the rule in perjury cases. We believe that the question is practically concluded in this Court by the decision in *United States* v. *Wood*, 14 Pet. 430. Moreover, if the quantitative theory of evidence is the true basis of the rule of evidence, the modern decisions which permit the falsity of an oath to be proved by circumstantial or documentary evidence should require that such evidence be equally strong and convincing as the direct testimony which would be regarded as sufficient proof. Yet many cases permitting proof by circumstantial or documentary evidence hold that the ordinary rule of evidence in perjury cases is not applicable in such a case, and permit conviction whenever the jury is satisfied beyond a reasonable doubt. *People* v. *Doody*, 172 N. Y. 165; *State* v. *Wilhelm*, 114 Kan. 349; *Walker* v. *State*, 19 Ga. App. 98; *State* v. *Cerfoglio*, 46 Nev. 332; *State* v. *Storey*, 148 Minn. 398; *Marvel* v. *State*, (Del.) 131 Atl. 317.

MR. JUTICE BUTLER delivered the opinion of the Court.

Petitioner was indicted on three counts in the Southern District of New York. A verdict of not guilty as to the first and third was directed by the court. The jury found him guilty on the second; and the court sentenced him to the penitentiary for a year and ten months. The judgment was affirmed on appeal. 6 F. (2d) 786.

The second count sets forth that Annie Hammer was adjudged a bankrupt on April 28, 1923, and that the proceeding was referred to one of the referees in bankruptcy in that district. The substance of the charge is that, October 25, 1923, petitioner suborned and induced Louis H. Trinz to take an oath before the referee and there falsely to testify that, prior to April 18, 1923, he had loaned $500 to the bankrupt and that she had given him a note therefor.

The petitioner contends that the making of a false oath in bankruptcy is not perjury; and that, without perjury there cannot be subornation of perjury.   Section 125 of the Criminal Code provides that whoever, having taken an oath before a competent officer in any case in which a law of the United States authorizes an oath to be administered that he will testify truly, shall state any material matter which he does not believe to be true, is guilty of perjury and shall be fined not more than $2,000 and imprisoned for not more than five years.   Section 29 b of the Bankruptcy Act, c. 541, 30 Stat. 544, 554, provides that a person shall be punished by imprisonment not to exceed two years upon conviction of the offense of having knowingly made a false oath in any proceeding in bankruptcy.   Section 126 of the Criminal Code provides that whoever shall procure another to commit any perjury is guilty of subornation of perjury and punishable as provided in § 125.

It is plain that the offense charged includes perjury as defined by § 125.   That section is in general terms and is broad enough to apply to persons sworn in bankruptcy proceedings.   The facts alleged include all the elements of that offense as well as the making of a false oath in bankruptcy; and they show a violation of both sections. The indictment does not specify the section under which it is drawn, but the omission is immaterial.   The offense charged is to be determined by the allegations.   *Williams* v. *United States,* 168 U. S. 382, 389.   And it follows that petitioner was accused of subornation of perjury.   Cf. *Wechsler* v. *United States,* 158 Fed. 579; *Epstein* v. *United States,* 196 Fed. 354; *Kahn* v. *United States,* 214 Fed. 54; *Ulmer* v. *United States,* 219 Fed. 641; *Schonfeld* v. *United States,* 277 Fed. 934.   We need not consider whether perjury committed in bankruptcy proceedings may be punished by more than the maximum fixed by § 29 b, as the sentence imposed on the petitioner is less

than that.. Nor need we consider whether every false oath in bankruptcy is perjury under § 125.

Petitioner also contends that the evidence is not sufficient to sustain the judgment.

At the trial of petitioner, it was satisfactorily shown that Trinz was sworn in the bankruptcy proceeding and there gave the testimony alleged to have been false and suborned. Trinz was the only witness called to prove the falsity and subornation. He testified that he gave the testimony alleged in the indictment; that it was not true, and that petitioner suborned him. At the close of all the evidence the petitioner moved the court to direct a verdict in his favor on the ground that the uncorroborated testimony of Trinz was not sufficient to warrant a finding of guilt. The motion was denied. And, on the request of the prosecution, the court charged the jury that the law did not require any corrobation of that testimony; and that, if believed, it was sufficient.

The question of law presented is whether the unsupported oath of Trinz at the trial of petitioner is sufficient to justify a finding that the testimony given by him before the referee was false. The general rule in prosecutions for perjury is that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment as perjury. The application of that rule in federal and state courts is well nigh universal.* The rule has long prevailed, and no enactment in derogation of it has come to our attention.

* *United States* v. *Wood*, 14 Pet. 430, 437, et seq.; *United States* v. *Hall*, 44 Fed. 864, 868; *Allen* v. *United States*, 194 Fed. 664, 667–668; *Peterson* v. *State*, 74 Ala. 34; *Clower* v. *State*, 151 Ark. 359, 363; *People* v. *Follette* (Cal.), 240 Pac. 502, 511; *Thompson* v. *People*, 26 Colo. 496, 503; *State* v. *Campbell*, 93 Conn. 3, 12; *Marvel* v. *State* (Del.), 131 Atl. 317; *Cook* v. *United States*, 26 D. C. App. 427, 430; *Yarbrough* v. *State*, 79 Fla. 256, 264; *People* v. *Niles*, 295 Ill. 525, 532; *Hann* v. *State*, 185 Ind. 56, 60–61; *State* v. *Raymond*, 20 Ia. 582, 587; *State* v. *Wilhelm*, 114 Kan. 349, 353; *Day* v. *Commonwealth*, 195 Ky. 790, 793; *State* v. *Jean*, 42 La. Ann. 946, 949;

The absence of such legislation indicates that it is sound and has been found satisfactory in practice. On the issue of falsity the case presented is this. On the first occasion Trinz testified that he had loaned money to the bankrupt and that she had given him a note. At the trial he swore that his statement before the referee was not true. The contest is between the two oaths with nothing to support either of them. The question is not the same as that arising in a prosecution for perjury where the defendant's own acts, business transactions, documents or correspondence are brought forward to establish the falsity of his oath alleged as perjury. That, in some cases, the falsity charged may be shown by evidence other than the testimony of living witnesses is forcibly shown by the opinion of this court in *United States* v. *Wood,* 14 Pet. 430, 443. That case shows that the rule, which forbids conviction on the unsupported testimony of one witness as to falsity of the matter alleged as perjury, does not relate to the kind or amount of other evidence required to establish that fact. Undoubtedly in some cases documents emanating from the accused and the attending circumstances may constitute better evidence of such falsity than any amount of oral testimony.

---

*Newbit* v. *Statuck,* 35 Me. 315, 318; *Commonwealth* v. *Butland,* 119 Mass. 317, 324; *People* v. *Kennedy,* 221 Mich. 1, 4; *State* v. *Story,* 148 Minn. 398; *Johnson* v. *State,* 122 Miss. 16; *State* v. *Hardiman,* 277 Mo. 229, 233; *State* v. *Gibbs,* 10 Mont. 213, 219; *Gandy* v. *State,* 27 Neb. 707, 734; *State* v. *Cerfoglio,* 46 Nev. 332, 340; *People* v. *Evans,* 40 N. Y. 1, 5; *Territory* v. *Remuzon,* 3 N. M. 648; *State* v. *Hawkins,* 115 N. C. 620; *State* v. *Courtright,* 66 Ohio St. 35; *Wright* v. *State* (Okla.), 236 Pac. 633, 636; *Williams* v. *Commonwealth,* 91 Pa. St. 493, 501; *State* v. *Pratt,* 21 S. D. 305, 311; *Godby* v. *State,* 88 Tex. Crim. Rep. 360, 363; *State* v. *Sargood,* 80 Vt. 415, 421; *Schwartz* v. *Commonwealth,* 27 Grat. 1025; *State* v. *Rutledge,* 37 Wash. 523, 527. And see an act to consolidate and simplify the law relating to perjury and kindred offenses (1911) 1 & 2 Geo. V, c. 6, § 13.

As petitioner cannot be guilty of subornation unless Trinz committed perjury before the referee, the evidence must be sufficient to establish beyond reasonable doubt the falsity of his oath alleged as perjury. The question is not whether the uncorroborated testimony of Trinz is enough to sustain a finding that he was suborned by the petitioner. It is whether, as against the petitioner, his testimony at the trial is enough to sustain a finding that his oath before the referee was false. Clearly the case is not as strong for the prosecution as where a witness, presumed to be honest and by the government vouched for as worthy of belief, is called to testify to the falsity of the oath of defendant set forth as perjury in the indictment. Here the sole reliance of the government is the unsupported testimony of one for whose character it cannot vouch—a dishonest man guilty of perjury on one occasion or the other. There is no reason why the testimony of such a one should be permitted to have greater weight than that of a witness not so discredited. *People* v. *Evans,* 40 N. Y. 1, 3.

To hold to the rule in perjury and to deny its application in subornation cases would lead to unreasonable results. Section 332 of the Criminal Code abolishes the distinction between principals and accessories and makes them all principals. One who induces another to commit perjury is guilty of subornation under § 126 and, by force of § 332, is also guilty of perjury. In substance subornation is the same as perjury. And one accused of perjury and another accused of subornation may be indicted and tried together. *Ruthenberg* v. *United States,* 245 U. S. 480; *Commonwealth* v. *Devine,* 155 Mass. 224. Obviously the same rule of evidence in respect of establishing the falsity of the matter alleged as perjury must apply to both. Evidence that is not sufficient to warrant a finding of that fact as against the one accused of perjury cannot reasonably be held to be enough as against the

other who is accused of suborning the perjury. No such distinction can be maintained. The rule that the uncorroborated testimony of one witness is not enough to establish falsity applies in subornation as well as in perjury cases. *People* v. *Evans, supra.* Falsity is as essential in one as in the other. It is the *corpus delicti* in both.

The trial court should have directed the jury to return a verdict of not guilty on the ground that the uncorroborated testimony of Trinz at the trial was not sufficient as against petitioner to establish the falsity of the oath alleged as perjury. We need not consider whether his testimony was sufficient to establish the fact of subornation.

*Judgment reversed.*