## PAWLEY v. UNITED STATES.
### No. 6318.

Circuit Court of Appeals, Ninth Circuit.
March 9, 1931.

Anderson & Conway, Earl Anderson, and Joseph W. Conway, all of Phoenix, Ariz., for appellant.

John C. Gung'l, U. S. Atty., and Norman S. Hull, Asst. U. S. Atty., both of Tucson, Ariz., J. S. Wheeler, Asst. U. S. Atty., of Phoenix, Ariz. and B. G. Thompson, Asst. U. S. Atty., of Tucson, Ariz.

Before RUDKIN, WILBUR, and SAW-TELLE, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from a judgment of conviction for the crime of perjury. The sufficiency of the indictment under which the conviction was had is challenged upon two grounds: First, because the court in which the oath was administered was not described; and, second, because the indictment did not properly negative the truth of the false testimony by affirmative averments setting forth the truth by way of antithesis.

Section 558 of title 18, USCA, provides that in every indictment it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averment to falsify the matter wherein the perjury is assigned.

The indictment in this case charged that there came on to be heard in the District Court before the Honorable R. W. Smith, referee in bankruptcy of the court aforesaid, at Yuma, Ariz., the first meeting of creditors at a bankruptcy proceeding; that the appellant appeared as a witness and was then and there duly sworn and took his oath as such witness, before the referee, that the testimony which he would give at the hearing would be the truth, the whole truth and nothing but the truth; and that the referee then and there had competent authority to administer the oath.

Section 34 of the Bankruptcy Act provides for the appointment of referees, and section 38 provides that such referees are invested with jurisdiction to exercise the powers vested in courts of bankruptcy for the administering of oaths to and the examination of persons as witnesses, and for requiring the production of documents in proceedings before them, excepting the power of commitment. 11 USCA §§ 62, 66. The indictment in this case charged that the oath was administered by a referee in bankruptcy having competent authority to administer the same, and this of itself was sufficient. All else may be rejected as surplusage.

To illustrate the second point of objection: Count 3 of the indictment charged that the appellant testified that he did not receive a certain check for $10,802.50 in connection with the sale of a certain orange grove, and that he did not remember receiving any such check, whereas in fact it was not and is not true that the appellant did not remember receiving said check, and was not and is not true that he had not received said check, and at the time of so swearing and deposing the appellant did not believe it to be true that he had not received said check, but on the con-

1026

trary, and on the date of so swearing and deposing as aforesaid, the appellant knew that he had received said check. True, the indictment failed to charge in direct terms that the appellant did in fact receive the check as alleged, but, in the absence of a demurrer or motion to quash, the charge as made was ample after verdict. Hardwick v. United States (C. C. A.) 257 F. 505. While there was a demurrer in this case, it was based specifically and solely upon the ground that the indictment did not charge by what court the alleged oath was administered.

■■■ The third specification of error is based on the refusal of the court to instruct the jury that it was incumbent on the government to establish the falsity of the testimony given by the appellant before the referee by the testimony of two or more witnesses, or by the testimony of one witness and other corroborative facts and circumstances.

"The general rule in prosecutions for perjury is that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment as perjury. The application of that rule in federal and state courts is well nigh universal." Hammer v. United States, 271 U. S. 620, 626, 46 S. Ct. 603, 604, 70 L. Ed. 1118.

In a proper case, therefore, it is the duty of the court to give an instruction embodying this principle of law, if timely requested. But here the appellant expressly admitted upon the trial that the testimony assigned as perjury in the third count was false, his sole defense being that he did not understand the nature of the inquiry or the import of the question propounded. As to this count, therefore, the rule insisted upon had no application, and the refusal of the court to state an inapplicable abstract proposition of law would not constitute error. The general judgment of the court is supported by the verdict on this count, and a mere failure to adequately instruct the jury on the quantum of proof required as to other counts would not be prejudicial, even if erroneous.

■■ We have not overlooked the fact that the requested instructions are not embodied in the bill of exceptions. They were merely marked "refused" by the trial judge and filed with the clerk, and this is of doubtful efficacy.

"There are, for instance, in some states statutes directing that all instructions must be reduced to writing, marked by the judge 'refused' or 'given,' and attested by his signature, and that, when so attested, and filed in the clerk's office, they become a part of the record. But, in the absence of that or some other statutory provision, a bill of exceptions has been recognized as the only appropriate method of bringing onto the record the instructions given or refused." Clune v. United States, 159 U. S. 590, 593, 16 S. Ct. 125, 126, 40 L. Ed. 269.

■■■ The appellant put his general reputation for truth and veracity in issue, and a witness for the government was asked if he knew his general reputation in that regard in the community in which he resided, the court having theretofore explained to the witness what was meant by the term general reputation. The witness answered that he did not know his general reputation. The government was then permitted to ask the witness, over an objection, whether he had heard his reputation discussed, and the answer was: "I have heard his reputation discussed prior to the time he was indicted. I can't say it was very good, not so very good." When the witness stated that he did not know the general reputation of the accused, the inquiry should have stopped there, but if the answer to the next question was responsive it could work no harm. The answer, however, was not responsive to the question, and no motion was made to strike it and no request was made for an instruction to disregard it. Under such circumstances, we cannot say that the ruling of the court was prejudicial.

We find no error in the record, and the judgment is affirmed.