UNITED STATES of America,
Plaintiff-Appellee,

v.

George CASEY, Defendant-Appellant.

No. 14531.

United States Court of Appeals
Sixth Circuit.

Oct. 31, 1961.

James F. Finn, Asst. U. S. Atty., Detroit, Mich., Lawrence Gubow, U. S. Atty., Detroit, Mich., on brief, for plaintiff-appellee.

Albert A. Goldfarb, Detroit, Mich., for defendant-appellant.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Appellant, following trial by jury, was found guilty of conspiracy to unlawfully receive, conceal, buy, sell and facilitate the transportation and concealment of marijuana. Section 176a, Title 21, U.S. C.A. He received a sentence of ten years as being a habitual violator of the Federal Narcotic Laws. Section 7237, Title 26, U.S.C.A.

Appellant contends that his rights were prejudiced by the District

Judge repeatedly addressing Government counsel during the trial on intimate terms, most frequently by his given name of "Don," which left the impression with the jury that the Judge and prosecution counsel were close friends, as contrasted with the relationship between the Judge and defense counsel.

The transcript shows that a number of the rulings made at the times complained of were unfavorable to Government counsel, that on one occasion the District Judge also addressed defense counsel in an informal and friendly manner, that defense counsel also addressed Government counsel by his first name, and that at no time, even in the Judge's chambers, did defense counsel even suggest to the Judge that the informality of the proceedings might be prejudicial to the appellant. We find no prejudicial error in this respect.

 Appellant complains of the failure of the District Judge to order the jury to disregard an unresponsive answer of a Government agent to a question by Government counsel on re-direct examination, and to the remarks of the District Judge in explaining to the jury why he was dismissing the proceeding against a co-defendant of the appellant. No objection was made at the time to these actions of the District Judge, or to his instructions to the jury wherein it was again explained why the action was being dismissed against appellant's co-defendant, as provided by Rules 30 and 51, Rules of Criminal Procedure 18 U.S.C.A. In the case of an unresponsive answer by a witness to a question asked by counsel, it is the duty of opposing counsel, subject to the exception provided by Rule 52(b), Rules of Criminal Procedure, to move to strike the answer in order to rely upon it as prejudicial error upon appellate review. Huteson v. United States, 7 Cir., 67 F.2d 731, 734, certiorari denied 292 U.S. 627, 54 S.Ct. 631, 78 L.Ed. 1482; Pawley v. United States, 9 Cir., 47 F.2d 1024, 1026; Feigin v. United States, 9 Cir., 3 F.2d 866, 867. The alleged errors now complained of are not before us for review. Metcalf v. United States, 6 Cir.,

195 F.2d 213, 216–217; Stevens v. United States, 9 Cir., 256 F.2d 619, 623; Grant v. United States, 6 Cir., 255 F.2d 341, 342, certiorari denied 358 U.S. 828, 78 S.Ct. 48, 3 L.Ed.2d 68.

 If there was error on the part of the District Judge, we do not consider it such plain error or defect affecting substantial rights as should be noticed by us even though not objected to, as provided by Rule 52(b), Rules of Criminal Procedure. Horton v. United States, 6 Cir., 256 F.2d 138, 141; United States v. Krulewitch, 2 Cir., 167 F.2d 943, 947, Note 4, reversed on other grounds, 336 U.S. 440, 93 S.Ct. 716, 93 L.Ed. 790. See: Edwards v. United States, 6 Cir., 265 F.2d 909, 910, certiorari denied 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83.

The judgment is affirmed.