Shepard A. **BRIGHTMAN**, Defendant, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 6941.

United States Court of Appeals
First Circuit.

Nov. 28, 1967.

which the testimony in question was given was a proceeding brought by the Trustee in Bankruptcy of Herman Brightman, the defendant's father, against Herman Brightman & Sons, Inc., a Massachusetts corporation, the defendant himself, and other members of the Brightman family, seeking among other things, an accounting of the proceeds from a certain auction sale of property standing in the name of the corporation. This sale was held on the corporation premises on May 6, 1960, and resulted in a net of some $46,336. The defendant and the government stipulated that out of these proceeds a total of $12,975 was paid to the defendant and $5,350 was paid to his brother, Saul J. Brightman. It was also stipulated that the testimony of the defendant in the civil case as to the disposition of these two amounts was material to the issues being tried in that case. On this point defendant testified that after the auction sale on May 6, 1960, several employees of the corporation were paid compensation "from the proceeds of the money that was out of the auction" for work that was required to be performed by the corporation after that date in dismantling the machinery sold at the auction and preparing it for shipment to those who purchased it.[2] When asked who some of these employees were, defendant listed the four persons subsequently named in the four counts of the indictment.[3]

At the trial, each of these former employees testified that he had not worked for or been paid by the corporation after May 6, 1960. This testimony was corroborated by one Baronas, formerly a foreman for the corporation, who testified that he and these four employees

---

Harold Lavien, Boston, Mass., with whom Donald E. Paulson and Brown, Rudnick, Freed & Gesmer, Boston, Mass., were on the brief, for appellant.

David M. Roseman, Asst. U. S. Atty. with whom Paul F. Markham, U. S. Atty., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant, Shepard A. Brightman, was charged in a four count indictment brought under 18 U.S.C. § 1621[1] with having given perjured testimony in a civil trial in the United States District Court in Boston. The jury found him guilty on all four counts. The trial in

1. 18 U.S.C. § 1621. *Perjury generally*
"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of

perjury, and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. * * * *"

2. He also testified that in addition to his father, his brother and himself, he had people on the corporate payroll for about five months after the auction.

3. The only difference in the four counts of the indictment is that a different former employee is named in each count.

were laid off by the Brightmans in April 1960. In addition, the auctioneer stated that the terms of sale provided that all property auctioned was sold "as is—where is." A large number of purchasers or their representatives testified that they or their employees had done the very work that the defendant claimed these four employees were kept on to do. Defendant produced no testimony that these four men were in fact employed by the Brightmans after May 6, 1960. He contends, however, that as a matter of law the government's case does not satisfy the rigorous requirements of proof in perjury cases. "The general rule in prosecutions for perjury is that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment as perjury. The application of that rule in federal and state courts is well nigh universal." Hammer v. United States, 271 U.S. 620, 626, 46 S.Ct. 603, 604, 70 L.Ed. 1118 (1926).[4]

▇ First we shall consider the law with reference to the corroboration requirement and then whether that requirement is satisfied in the instant case. Relying principally on United States v. Neff, 212 F.2d 297, 308 (3d Cir. 1954), defendant takes the position that corroborating evidence must be inconsistent with the defendant's innocence. While it is true that the corroboration must be of a substantial nature, we think that this proposed test is too rigorous. In our opinion the better rule is that expressed in Arena v. United States, 226 F.2d 227 at 236 (9th Cir. 1955), cert. denied, 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830 (1956), where the court stated:

"One requested instruction contains the statement that the corroborating evidence must be 'inconsistent with the innocence of the defendant'. We have already seen that the weight of authority is opposed to so severe a standard for the corroborating evidence. It is sufficient if the corroborating evidence *tends* to establish the defendant's guilt, and if such evidence *together with* the direct evidence is 'inconsistent with the innocence of the defendant'." (emphasis in original)

The defendant calls our attention to the very recent case of United States v. Thompson, 379 F.2d 625 (6th Cir. 1967). That case is not inconsistent with our holding here. In *Thompson* there was no corroboration of the key conversation in question. There the defendant testified that he had asked a police officer to call a lawyer. The officer testified that he had had only one conversation with the defendant on the day in question and that the defendant did not ask him to contact a lawyer. Two FBI agents corroborated the officer's testimony as to the one admitted conversation but did not know whether the officer had other conversations with the defendant that day. For the proposition that there had been only one conversation between them on that day there was only the testimony of the police officer. Therefore, the FBI testimony was not substantial evidence that the defendant had perjured himself no matter which standard of corroboration was applied.

A further point raised by defendant concerns the relationship between the general rule in criminal cases requiring proof of guilt beyond a reasonable doubt and the special rule in perjury cases requiring corroboration. Citing United States v. Nessanbaum, 205 F.2d 93, 95 (3d Cir. 1953), he contends that in perjury cases a higher standard than proof beyond a reasonable doubt is required.[5]

---

4. For a discussion of the purpose of the rule and the necessity of instructions to the jury concerning it, see Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945).

5. Defendant's ninth request for instructions was: "That to convict of perjury,

the Government must produce testimony of a more direct and positive character than is required to justify a verdict of guilty for other offenses."

The actual charge given by the court on this point was as follows:

"The law requires that the falsity of the statements be proved by the sworn

■ It is necessary, to be sure, that there be corroborating as well as primary evidence on the issue of falsity but the evidence in its entirety need convince the jury only beyond a reasonable doubt. The corroboration rule, then, is an additional requirement and not a qualification of the reasonable doubt rule. In Hammer v. United States, supra, 271 U.S. at 627, 46 S.Ct. at 604, the Court stated: " * * * the rule, which forbids conviction on the unsupported testimony of one witness as to falsity of the matter alleged as perjury, does not relate to the kind or amount of other evidence required to establish that fact."

"The jury should be instructed not to convict [in perjury prosecutions] unless the testimony of the principal witness has been so corroborated that they believe it to be true beyond a reasonable doubt." Wigmore, 3d ed. ¶ 2042. See also Mangum v. United States, 289 F. 213, 216 (9th Cir. 1923).

■ The evidence in the instant case must be considered in the light of the above principles. Defendant calls into question the credibility of the four former employees. It is elementary law that the credibility of witnesses is primarily for the jury and we see no reason to interfere with the jury's function on the facts of this case.

■■ Defendant suggests that as a matter of law there was insufficient corroborating evidence on the issue of falsity and that his motion for acquittal should have been granted.[6] We do not agree. In our opinion the foreman's testimony that the four employees in question had been laid off before the date of the auction, coupled with the testimony of the auctioneer that the sale was on an "as is—where is" basis and with that of some thirty-eight purchasers [7] that either they or their representatives dismantled and removed the property they purchased, amply supports the testimony of the four employees that they had not worked for or been paid by the Brightman corporation after May 6, 1960. This phalanx of purchaser witnesses established that the Brightman employees did not assist in dismantling and removing the equipment they purchased. From this it can be reasonably inferred that these employees were not on the Brightman payroll after May 6, 1960, because the work the defendant testified they were doing was in fact done by others. The total evidence, including all reasonable inferences therefrom, when put together was sufficient, in our opinion, to warrant the jury to conclude that this defendant was guilty beyond a reasonable doubt. Dirring v. United States, 328 F.2d 512, 515 (1st Cir.), cert. denied, 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (1964).

Affirmed.

---

testimony of at least one witness, and that the testimony as to falsity given by such witness be corroborated or supported by other evidence in the case independent of the testimony of that witness. * * *

"I instruct you that if you do not believe the testimony given by the employee named in a particular count, you must find the defendant [not] guilty of that count. If you do believe the witness referred to in a particular count, then you will proceed to consider whether or not there is other substantial, credible independent evidence in the case to corroborate the testimony of such witness as to the falsity of the defendant's alleged statements. The testimony of such witness, together with such other independent evidence, must be sufficient to satisfy you beyond a reasonable doubt of the falsity of the defendant's statements."

6. Defendant also requested an instruction that "there is a rebuttable presumption that one will tell the truth when under oath." We think the district court acted properly in refusing this requested instruction and handled this matter adequately in its instruction on the presumption of innocence. See McMillen v. United States and Gruchy v. United States, 386 F.2d 29, decided by this court today.

7. These purchasers represented about 97% of the total dollar value of the equipment purchased at the auction.