**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4307**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JALEN CRAIG MCMILLAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:22-cr-00231-PJM-3)

Submitted:  March 18, 2026                    Decided:  March 30, 2026

Before AGEE, THACKER, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Marc G. Hall, LAW OFFICE OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Jalen Craig McMillan of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; three counts of bank fraud, in violation of 18 U.S.C. § 1344; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. The charges stemmed from a scheme in which McMillan and several coconspirators used stolen identities to open accounts at the credit union where McMillan worked; these accounts were used to obtain loans or other sources of funds, which would then be withdrawn in cash and the proceeds distributed among the coconspirators. The district court sentenced McMillan to 54 months' imprisonment, followed by a five-year term of supervised release, and ordered him to pay $165,891.68 in restitution. On appeal, McMillan argues that the district court erred by allowing testimony from two Government witnesses and denying his motion for a judgment of acquittal. For the following reasons, we affirm.

We review evidentiary rulings for abuse of discretion. *United States v. Simmons*, 11 F.4th 239, 261 (4th Cir. 2021). If a district court abuses its discretion, its evidentiary rulings are reviewed for harmless error and will not be reversed so long as we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Cloud*, 680 F.3d 396, 401 (4th Cir. 2012) (citation modified). We review unpreserved evidentiary challenges for plain error. *United States v. Watkins*, 111 F.4th 300, 311 (4th Cir. 2024). To demonstrate plain error, McMillan must show that (1) an error occurred, (2) the error was clear, (3) the error affected his substantial rights, and (4)

2

the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

McMillan contends that the district court erred in permitting Joseph Kropff, an investigative financial analyst who was not offered as an expert witness, to provide expert testimony. Under Fed. R. Evid. 702, a witness "qualified as an expert by knowledge, skill, experience, training, or education" may give opinion and other testimony if: "the expert's . . . knowledge will help the trier of fact;" the testimony "is based on sufficient facts or data" and "is the product of reliable principles and methods;" and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Under Fed. R. Evid. 701, a lay witness may "give opinion testimony that is rationally based on the witness's perception . . . so long as it is not based on the same scientific, technical, or other specialized knowledge covered by Rule 702." *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017) (citation modified); *see* Fed. R. Evid. 701.

"A critical distinction between Rule 701 and Rule 702 testimony is that an expert witness must possess some specialized knowledge or skill or education that is not in the possession of the jurors." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (citation modified). "At bottom . . . Rule 701 forbids the admission of expert testimony dressed in lay witness clothing, but it does not interdict all inference drawing by lay witnesses." *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006) (citation modified).

McMillan challenges testimony Kropff gave while describing how he developed McMillan as a suspect in the bank fraud scheme. The parties disagree as to whether

3

McMillan properly preserved this challenge for appeal.  However, because McMillan does not prevail even under the preserved error standard, we need not decide whether McMillan's objection was sufficient to preserve the error.

The challenged testimony was based on Kropff's personal perception of the evidence during his investigation and his conclusion "call[ed] more for the exercise of common sense than expertise." *United States v. Smith*, 962 F.3d 755, 768 (4th Cir. 2020). We therefore find that the district court did not abuse its discretion in allowing this testimony.

McMillan next challenges the district court's admission of testimony by Jovan Bell, a coconspirator.  McMillan argues that, under *Hammer v. United States*, 271 U.S. 620 (1926), a defendant cannot be convicted based on the uncorroborated testimony of an accomplice, and therefore Bell's testimony was insufficient to convict him.  Because this claim was not raised at trial, we review for plain error.

To the extent that McMillan challenges the court's admission of Bell's testimony, he does not offer a basis for why it should be excluded, and there is none apparent on the record.  To the extent that McMillan challenges the sufficiency of Bell's testimony to convict him, his argument is without merit.  "[I]t is well settled in this circuit that the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction." *United States v. Robertson*, 68 F.4th 855, 863 (4th Cir. 2023) (citation modified). Moreover, the holding in *Hammer* applies only to cases involving perjury, which is not at issue in this case.  271 U.S. at 627-29.  Accordingly, we find that the district court did not

4

plainly err in admitting Bell's testimony, and that such testimony was sufficient to sustain McMillan's conviction.

McMillan's final challenge on appeal is to the district court's denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal. He argues that the Government failed to present sufficient evidence to show his knowledge and participation in the conspiracy to commit bank fraud beyond a reasonable doubt. We "review de novo a district court's denial of a Rule 29 motion." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). We "must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *Id.* "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (citation modified). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017) (citation modified).

"When a defendant raises specific grounds in a Rule 29 motion, grounds that are not specifically raised are waived on appeal unless a manifest miscarriage of justice has occurred." *United States v. Duroseau*, 26 F.4th 674, 678 (4th Cir. 2022) (citation modified). We have clarified, however, that "'forfeiture' is the more precise term." *Id.* at 678 n.2. That is because "forfeiture is the failure to make the timely assertion of a right," which is reviewed for plain error, and "courts do in fact review the newly asserted grounds for Rule 29 motions to determine if a manifest miscarriage of justice occurred." *Id.* (citation modified); *see United States v. Rao*, 123 F.4th 270, 276 (5th Cir. 2024) ("Under

5

[the manifest miscarriage of justice] standard, the court assesses whether the record is devoid of evidence pointing to guilt, or the evidence on a key element of the offense is so tenuous that a conviction would be shocking." (citation modified)).

In his Rule 29 motion, McMillan raised only a challenge to the sufficiency of the Government's evidence that he was the person who sent the incriminating text messages from his cell phone. To the extent that his argument on appeal encompasses the issue of who sent the texts from McMillan's phone, the Government introduced evidence that his phone was seized from his person, his phone was protected with a passcode, and text messages regarding planning and executing the fraudulent transactions were sent and received by his phone while the transactions took place and at times while McMillan was working at the credit union. Viewing the evidence in a light most favorable to the Government, there was substantial evidence establishing the incriminating text messages sent from McMillan's phone were sent by McMillan.

To the extent that McMillan otherwise challenges the sufficiency of the Government's evidence of his knowledge and participation in the conspiracy, he did not raise this claim in his Rule 29 motion, so it is forfeited absent a manifest miscarriage of justice. To secure a conviction for conspiracy to commit bank fraud, the government must demonstrate: "(1) that two or more persons agreed to commit bank fraud; and (2) that at some time during the conspiracy, the defendant had knowledge of the criminal objective of the agreement and willfully joined the conspiracy with the intent to further its unlawful purpose." *United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017).

6

In addition to introducing text messages from McMillan's phone wherein he planned and participated in the conspiracy and bank fraud, the Government also produced employee time sheets showing McMillan's presence at the credit union when multiple fraudulent transactions took place and credit union records showing his employee identification number on paperwork setting up or otherwise interacting with multiple fraudulent accounts and transactions, all of which lined up with Bell's detailed testimony about McMillan's involvement in the fraud scheme. We therefore conclude that the Government presented substantial evidence supporting McMillan's conviction for conspiracy to commit bank fraud, and no manifest miscarriage of justice occurred.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*