# COOK *v.* UNITED STATES.

PERJURY; SUFFICIENCY OF EVIDENCE; CORROBORATION OF WITNESS.

1. A person accused of perjury cannot be convicted upon the uncorroborated testimony of one witness. The charge must be proved either by the testimony of two witnesses, or by the testimony of one witness with proof of corroborating circumstances. The corroboration must be by proof of independent and material facts and circumstances tending directly to corroborate the testimony of the prosecuting witness, and must be of strong character, and not merely corroboration in slight particulars.

2. To convict of the crime of perjury upon oral testimony, the testimony of the prosecuting witness should, in positive terms, contradict the statement of the person indicted.

No. 1590. Submitted December 6, 1905. Decided January 4, 1906.

HEARING on an appeal by the defendant from a judgment of conviction by the Supreme Court of the District of Columbia in a prosecution for perjury. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. J. McDowell Carrington, Mr. Thomas Walker,* and *Mr. Hayden Johnson* for the appellant.

*Mr. D. W. Baker,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins,* Assistant, for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

The appellant, Theodore A. Cook, was convicted of perjury consisting of certain testimony alleged to have been given by him

upon the trial of one Parker for house breaking. The perjury set forth in the indictment charges that the appellant, on the trial of Parker, "unlawfully, falsely, maliciously, and corruptly did testify, declare, and give in evidence at and upon his said examination, and wilfully and contrary to his said oath state in substance and to the effect following; that is to say: That he, the said Theodore A. Cook and said Jesse Parker got on a car together at Tennallytown in said District, about the hour of 8 o'clock, post meridian, of the 5th day of November, in the year of our Lord 1904, and came to Georgetown in said District; that they remained together in said Georgetown until about the hour of 12 o'clock, midnight, of the day and year last aforesaid; that he, the said Theodore A. Cook, said Jesse Parker, and one Harvey Graves then took the car leaving said Georgetown, at the hour of 12 o'clock, midnight, for said Tennallytown, and that the said car arrived at Tennallytown tbout thirty minutes past 1 o'clock, ante meridian, of the 6th day of November, in the year last aforesaid; and that all three then got off the said car at said Tennallytown; that he, the said Jesse Parker lives in said Tennallytown; and that he, the said Theodore A. Cook, saw the said Jesse Parker go into his house in said Tennallytown."

To sustain the charge of the indictment the government, after proving that the appellant gave testimony on the Parker trial, showed by three witnesses, one a juror at the Parker trial and the others two policemen, that the appellant had testified that, on the night of November 5, 1904, he, Parker, Harvey Graves, and one Della Carter, at about 8 o'clock P. M., boarded a Tennallytown car, came to Georgetown, and went to a certain saloon, where, after having a drink, appellant and Graves left; that they returned about ten minutes before midnight, and, being joined by Parker, the three took a car for Tennallytown, and, reaching there, separated.

Comparing this testimony with the allegations of the indictment, it will be seen that there is no attempt on the part of the government to show that appellant testified that the four parties named remained together in Georgetown until about 12 o'clock

midnight; that the car they took to Tennallytown arrived there about thirty minutes past 1 o'clock; and that appellant saw Parker go into his house in Tennallytown. The perjury, if perjury be shown, therefore, relates to two statements made by appellant: First, boarding the car at Tennallytown at 8 o'clock on the evening of November 5, 1904, in company with Parker, Graves, and Della Carter; second, boarding the car at Georgetown at about 12 o'clock the same night in company with Parker and Graves, and arriving at Tennallytown.

There is no direct and positive testimony whatever to show the falsity of the first statement. The testimony offered on behalf of the government on this point consists of the testimony of one Paxton, who swore that, a few minutes before 7 o'clock on the evening in question, he paid off Parker at Georgetown, and, "about" 7 o'clock, boarded a car at Georgetown for Tennallytown, leaving Parker at Georgetown. This does not militate against the statement of appellant relative to his leaving Tennallytown in company with Parker "about" 8 o'clock. A conductor called by the government testified that the cars that evening were running fifteen minutes apart, and it was quite possible for Parker to board the next car for Tennallytown and return at the time stated by appellant. Such words as "about" and "shortly after," used in reference to time, are relative terms,—especially when spoken by witnesses who are not shown to have looked at any time piece in fixing the time, and when the witnesses are of the class to which the ones testifying in this case belong. Catherine Graves, the mother of Harvey Graves, testified that she saw the appellant, Parker, and her son get off the Tennallytown car at 30th and P streets, Georgetown, shortly after 8 o'clock. This testimony, given by a witness for the government, tends to prove that the appellant did not commit perjury in testifying to the time when he left Tennallytown; but this testimony, however, may be disregarded, for Paxton's testimony is utterly insufficient to prove the charge of perjury under any known rule of law relating to the quantum of testimony essential to prove perjury. Appellant and Harvey Graves were called as witnesses at the trial of this case, and testified

that they left Tennallytown with Parker about 8 o'clock on the night in question. Their testimony, however, may be disregarded, for, as we have said, the government wholly failed to prove that the appellant committed perjury when he stated that he and the others left Tennallytown about 8 o'clock that evening.

The real question is whether the appellant committed perjury in testifying that he, Parker, and Graves left Georgetown about midnight, and left the car at Tennallytown. The only witness called by the government to prove the falsity of this statement was Catherine Graves, the mother of Harvey Graves. Such testimony as she gave is claimed by the government to be sufficiently corroborated by proof of certain circumstances and facts sworn to by other witnesses called on behalf of the government.

A person accused of perjury cannot be convicted upon the uncorroborated testimony of one witness. The charge must be proved either by the testimony of two witnesses, or by one with proof of corroborating circumstances. The corroboration must be by proof of independent and material facts and circumstances tending directly to corroborate the testimony of the witness for the prosecution, and must be of a strong character, and not merely corroboration in slight particulars. This is the rule as set forth in 22 Am. & Eng. Enc. Law, 2d ed. p. 694, and numerous cases there cited. It would also seem that, to convict of the crime of perjury upon oral testimony, the oath of the prosecuting witness should, in positive terms, contradict the statement of the person indicted for perjury. Applying this last rule to the testimony of Catherine Graves, it would seem that the government failed to give that absolute and positive contradiction which is required to be given by the prosecuting witness. She testified on her direct examination that on Saturday night, November 5, 1904, her son, Harvey Graves, and Theodore Cook both arrived at her house between 11 and 12 o'clock P. M., and slept there. On cross-examination she was unable to give any reason for fixing said date, and testified that the two boys had often slept together at her house, and that the night concerning which she testified might not have been Saturday night, Novem-

ber 5th, 1904, but might have been some other Saturday night. We think this testimony falls short of being that positive testimony required of a prosecuting witness whose testimony is relied upon to prove perjury, and which must be supplemented with proof of corroborating circumstances. While her testimony in chief would have been sufficient evidence, in connection with corroborating circumstances, to go to the jury, whose verdict would not then be disturbed, yet, when that testimony on direct examination was so weakened on cross-examination, we do not think it comes within the rule requiring the oath of the prosecuting witness to contradict in positive terms the statement of the accused. As was said in *Gandy* v. *State,* 27 Neb. 707, 734, 43 N. W. 747, 44 N. W. 108: "It would seem upon principle that the oath affirmatively relied upon to contradict and disprove the oath of the accused must positively contradict." The testimony of Mrs. Graves must be taken in its entirety, and not merely her direct testimony considered.

The appellant and Harvey Graves, being called as witnesses, testified that they returned to Tennallytown upon the car leaving Georgetown at 12 o'clock. An apparently disinterested witness, Martha Hurdle, testified that she boarded a car in Georgetown about 11:30 P. M., to return to her home in Tennallytown, and that the appellant, Parker, and Graves were on the same car, and rode as far as Tennallytown, where all three got off together. The testimony of these witnesses, however, may be disregarded because we base our conclusion upon the failure of the government to make out a case warranting its submission to the jury.

Furthermore, we think the proof of corroborating circumstances is insufficient. The circumstances relied upon consist of the testimony of a police officer that on the night in question he saw Parker in Cleveland park about 11:25, and left him about 11:30 P. M., going in the direction of the electric railway station; that it was about ten minutes' walk from the place where he met Parker to the railway station to 32d and M streets, Georgetown. The time is not given with exactness, and it is not shown that Parker could not have reached Georgetown

in time to have taken the car leaving there about midnight. The other circumstance relied on is proved by the testimony of a conductor on the Tennallytown and Georgetown Railway line and two passengers, who testified that Parker was ejected from a car going from Georgetown to Tennallytown for failure to pay his fare. This ejectment is stated to have taken place at a watering tank fourteen minutes' ride from Georgetown. The officer testified that it occurred at either 9:15 or 10:15 o'clock on that evening, while the two passengers testified that it occurred about 10:30 o'clock. This testimony shows how uncertain is evidence relative to the time of a certain occurrence, even when given by presumably intelligent men, one of whom at least must have had a time piece with him.

While we recognize the enormity of the crime of perjury, we must also be mindful that an accused person should not be convicted of that crime except upon sufficient evidence. In our opinion the court below should have granted the appellant's prayer, made at the conclusion of all the evidence, that the jury be instructed to return a verdict of not guilty. The failure to grant this motion is the single assignment of error in this case. For this error the judgment must be reversed, and the cause remanded for further proceedings not inconsistent with the opinion of this court.    *Reversed.*