**UNITED STATES of America,
Appellee,**

v.

**William LEE, Defendant-Appellant.**

**No. 458, Docket 74–1925.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 9, 1974.

Decided Jan. 9, 1975.

Stay Denied April 21, 1975.   See
95 S.Ct. 1653.

John J. Hayden, Goshen, N. Y. (Barry B. Silver, Fischler & Silver, Newburgh, N. Y., on the brief), for defendant-appellant.

Jerome L. Merin, Sp. Atty., U. S. Dept. of Justice (Paul J. Curran, U. S. Atty., for the Southern District of New York, Lawrence S. Feld, Asst. U. S. Atty., Edward M. Shaw, Sp. Atty., U. S. Dept. of Justice, on the brief), for appellee.

Before FEINBERG and MULLIGAN, Circuit Judges, and BRYAN, District Judge.*

PER CURIAM:

William Lee, a former police sergeant in Newburgh, New York, appeals from a conviction on two counts of giving false testimony before a federal grand jury, 18 U.S.C. § 1623, in the United States District Court for the Southern District of New York, after a jury trial before Charles L. Brieant, Jr., J.[1] Lee was sentenced to six months in prison on one count and to one day on the other, to be served consecutively. The testimony was given before a grand jury investigating, among other things, payoffs made by gamblers to local police officers in violation of 18 U.S.C. § 1511. Lee denied that he had picked up money from a "hustler and gambler" named Pee Wee Boone, or that he had ever received money from a gambling business operator named Allen Handler, or money or property from any other persons, who were neither his employers nor relatives.

■ Lee offers many reasons why his conviction should be overturned, but none has any merit. Relying on United States v. Freedman, 445 F.2d 1220, 1226–1227 (2d Cir. 1971), and United States v. Provinzano, 333 F.Supp. 255 (E.D.Wis. 1971), appellant argues that the false statements were not "material" to the grand jury because it already knew the truth about the Handler and Boone contacts before Lee testified. Our later decision in United States v. Carson, 464 F.2d 424, 436, (2d Cir.), cert. denied, 409 U.S. 949, 93 S.Ct. 268, 34 L.Ed.2d 219 (1972), may be read to reject this argument. Cf. United States v. Mancuso, 485 F.2d 275, 281 n. 17 (2d Cir. 1973). In any event, the grand jury did not know the truth about possible other payments or gifts to Lee, and his blanket denial frustrated its inquiry and was therefore material even under the cases Lee cites.

■ Appellant's objections to the charge on materiality and on circumstantial evidence were not raised in the trial court and are, in any event, insubstantial. See United States v. Mancuso, supra, 485 F.2d at 280; United States v. Pfingst, 477 F.2d 177, 197 (2d Cir.), cert. denied, 412 U.S. 941, 93 S.Ct. 2779, 37 L.Ed.2d 400 (1973). Appellant also claims that 18 U.S.C. § 1623 applies only to cases in which the Government proves falsity by showing that defendant made "irreconcilably contradictory" declarations under oath. It is obvious that section 1623(c), from which the quoted language is taken, states one, but not the exclusive, method for proving falsity. Appellant also objects to the "modified Allen charge." Even though the judge was advised, contrary to his desire, of the breakdown of the jury vote, taken as a whole his charge was not erroneous— much less plainly so[2]—see United States v. Tyers, 487 F.2d 828, 832 (2d Cir. 1973), cert. denied, 416 U.S. 971, 94 S.Ct. 1995, 40 L.Ed.2d 560 (1974); United States v. Jennings, 471 F.2d 1310, 1313–1314 (2d Cir.), cert. denied, 411 U.S. 935, 93 S.Ct. 1909, 36 L.Ed.2d 395 (1973).[3] In addition, we adhere to our ruling less than two years ago that 18 U.S.C. § 1623 is

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. Appellant was acquitted on two other counts.

2. There was no objection in the trial court to the specific aspects of the Allen charge raised before us.

3. However, we repeat the suggestion, see United States v. Dickerson, 508 F.2d 1216, 1219 n. 8, (2d Cir. 1974) that it would be better not to tell the jury that a defendant surely would prefer a verdict "one way or the other," since a defendant may prefer a hung jury to a guilty verdict.

constitutional. United States v. Ruggiero, 472 F.2d 599, 606 (2d Cir.), cert. denied, 412 U.S. 939, 93 S.Ct. 2772, 37 L.Ed.2d 398 (1973); see also United States v. Koonce, 485 F.2d 374, 376–378 (8th Cir. 1973). Appellant's claim that use of the word "material" renders section 1623 unenforceably vague is meritless. See United States v. Ceccerelli, 350 F.Supp. 475, 477 (W.D.Pa.1972). Appellant's remaining arguments do not merit discussion.

Judgment affirmed.