**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Grayson DIGGS, Defendant-Appellant.**

**No. 76–2039.**

United States Court of Appeals, Seventh Circuit.

Argued June 14, 1977.

Decided August 1, 1977.

Rehearing Denied Aug. 25, 1977.

Certiorari Denied Oct. 31, 1977.
See 98 S.Ct. 404.

---

**2.** *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Fred Samper, Jr., Indianapolis, Ind., for defendant-appellant.

James B. Young, U.S. Atty., John D. Tinder, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before SWYGERT, SPRECHER and WOOD, Circuit Judges.

SWYGERT, Circuit Judge.

Defendant-appellant Grayson Diggs appeals his conviction by a jury for perjury in violation of 18 U.S.C. § 1621. Defendant's sole contention is that the Government's evidence was insufficient to satisfy the so-called "two-witness" requirement for perjury convictions. We find the requirement to have been met and affirm the conviction.

## I

In the spring of 1976 a lawfully impaneled grand jury of the District Court for the Southern District on Indiana was investigating the alleged criminal activities of John D. Lind, including his ownership of illegal weapons. In the course of the investigation Diggs appeared on March 25, 1976 before the grand jury and testified under oath. In response to questions concerning his knowledge of a machine gun owned by Lind and whether he had taken a cardboard box containing a machine gun to the home of Halbert Vanover, Diggs denied seeing or knowing anything about such a gun. He also denied delivering the carton to Vanover.

On April 21, 1976 and subsequent to this testimony, Diggs was indicted for perjury in violation of 18 U.S.C. § 1621.[1] The indictment charged that defendant's testimony before the grand jury was not true and that he knew it to be false since he had delivered to Vanover a box containing a machine gun on November 8, 1975.

At the perjury trial Vanover testified that on November 8, 1975, Diggs came to his home and told him that he had brought a machine gun which Lind wanted Vanover to keep for him. Vanover further testified that he then carried a box from Diggs' truck to the house and that, upon opening the carton the next evening in the presence of a friend, he found a machine gun inside. Vanover stated that he returned the box and gun to Diggs later that evening.

Vanover's friend, Fred Cannon, corroborated Vanover's testimony by stating that he had looked at the box that evening and had seen a gun and an arms manual inside. In addition, other corroborative testimony was offered. Mrs. Olive Vanover, the defendant's sister, testified that Diggs had visited their home on the afternoon of November 8. Although she did not actually see it carried in, she later noticed a box which had not been in the house prior to defendant's visit. Mrs. Vanover's daughter, Janet Flamion, was present when she examined the box and found what she described as assorted metal parts, one of which she thought resembled the stock of a gun. Flamion also testified that she had looked at the contents of the box with Mrs. Vanover that day, observing that there were metal parts, an ammunition clip, and a pamphlet on which were printed the words "submachine gun," a drawing of a machine gun, and the name "John Lind." Moreover, she testified that in a subsequent conversation, Diggs said with reference to the box that he would have thrown it into the ocean had he known the trouble it would cause.

On September 10, 1976 the jury found defendant Diggs guilty of perjury and judgment was entered accordingly. Diggs filed this appeal shortly thereafter.

## II

It is defendant's contention that the Government failed as a matter of law to

---

1. 18 U.S.C. § 1621 provides in part:

Whoever, having taken an oath before a competent tribunal, . . . in any case in which a law of the United States authorizes an oath to be administered, that he will testify, . . . willfully and contrary to such oath states . . . any material matter which he does not believe to be true, is guilty of perjury.

provide sufficient evidence of perjury to support the guilty verdict. The argument is based on the two-witness rule, which in essence states that "the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment as perjury." *Hammer v. United States,* 271 U.S. 620, 626, 46 S.Ct. 603, 604, 70 L.Ed. 1118 (1926). The policy behind this rule is that a conviction for perjury ought not to rest solely on one man's oath against that of another, and on "the fear that innocent witnesses might be unduly harassed or convicted in perjury prosecutions if a less stringent rule were adopted." *Weiler v. United States,* 323 U.S. 606, 609, 65 S.Ct. 548, 550, 89 L.Ed. 495 (1945).

 Although the two-witness rule is "deeply rooted in past centuries," *Weiler, supra* at 608–09, 65 S.Ct. 548, it is not of constitutional dimensions. Indeed, Congress has seen fit to abolish it in cases involving false declarations under oath before a grand jury or court which are prosecuted under 18 U.S.C. § 1623.[2] The constitutionality of this legislative abolition of the two-witness rule has been upheld by all courts which have considered the matter. *See, e.g., United States v. Lee,* 509 F.2d 645 (2d Cir. 1975); *United States v. Isaacs,* 493 F.2d 1124 (7th Cir. 1974); *United States v. Koonce,* 485 F.2d 374 (8th Cir. 1973); *United States v. Ruggiero,* 472 F.2d 599 (2d Cir.), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2772, 37 L.Ed.2d 398 (1973); *United States v. Ceccerelli,* 350 F.Supp. 475 (W.D. Pa. 1972); *United States v. McGinnis,* 344 F.Supp. 89 (S.D. Tex.1972).

 This legislative abolition of the rule, however, does not directly affect the case at bar. The language of section 1623 abolishing the two-witness rule clearly applies only to prosecutions brought under that section. In cases brought under section 1621, the two-witness rule still stands. Although the defendant's act of perjury before a grand jury fell within the requirements for prosecution under section 1623 and its lesser quantitative evidentiary burden, section 1621 applies as well, and the Government chose to seek an indictment only under the latter section.[3]

### III

 As currently applied the two-witness rule does not literally require the direct testimony of two separate witnesses, but rather may be satisfied by the direct testimony of one witness and sufficient corroborative evidence. *United States v. Weiner,* 479 F.2d 923, 926 (2d Cir. 1973); *see Weiler v. United States,* 323 U.S. at 610, 65 S.Ct. 548. While this interpretation is not seriously questioned, there is an apparent division among the circuits over the precise wording of the rule to be applied in determining the sufficiency of the corroborative evidence.

In analyzing the various expressions of the rule and their application, we agree with the Second Circuit that "[t]he division

**2.** 18 U.S.C. § 1623(e) provides:
Proof beyond a reasonable doubt under this section is sufficient for conviction. It shall not be necessary that such proof be made by any particular number of witnesses or by documentary or other type of evidence.

**3.** Not only does section 1623 carry with it a lesser burden of quantitative proof, but it also provides for a greater maximum sentence. Whereas 18 U.S.C. § 1621 has a maximum sentence of five years' imprisonment or a $2,000 fine, or both, 18 U.S.C. § 1623(a) provides for a fine of not more than $10,000 or imprisonment for not more than five years, or both.

While we fail to understand this course of action, we need not concern ourselves with its consequences, for we find that there was suffi-

cient evidence to convict under section 1621 and the two-witness rule. We note here without expressing approval that one court, faced with a similar situation, handled the matter quite differently. In *United States v. Clizer,* 464 F.2d 121 (9th Cir. 1972), the court had before it an indictment charging the defendant with perjury before a grand jury under the provisions of section 1621 rather than section 1623. Noting that it doubted the conviction could stand if the two-witness rule were applied, the court merely stated that the Government, despite its reference to section 1621, had in fact charged the defendant with a violation of section 1623, and went on to dispose of the case by applying the lesser evidentiary requirements of section 1623(e).

in the Circuits, judged by its results, appears to be a matter of semantics and a slight difference in emphasis." 479 F.2d at 927. No wording of the rule requires the corroborative evidence to be sufficient for conviction; nor does any phrasing permit conviction where the corroboration consists of merely peripheral testimony not tending to show the falsity of the accused's statements while under oath.[4]

The two-witness rule is thus satisfied when there is direct testimony from one witness and additional independent evidence so corroborative of the direct testimony that the two when considered together are sufficient to establish the falsity of the accused's statements under oath beyond a reasonable doubt. "Independent" evidence in this context means evidence coming from a source other than that of the direct testimony. *See McWhorter v. United States,* 193 F.2d 982, 985 (5th Cir. 1952); *United States v. Neff,* 212 F.2d 297, 307 (3d Cir. 1954). This independent corroborating evidence must be trustworthy enough to convince the jury that what the principal witness said was correct, the ultimate determination of its credibility being an exclusive function of the jury. *Weiler v. United States,* 323 U.S. at 610, 65 S.Ct. 548.

■ As in all criminal cases, the burden on the Government against which its evidence must be judged is that of proving the defendant guilty beyond a reasonable doubt. The two-witness rule in perjury cases merely imposes an evidentiary minimum required to meet this burden as a matter of law. The rule focuses on the totality of the Government's evidence in order to assure a sufficiency necessary to fulfill its underlying policy that perjury convictions not be based merely on an "oath against an oath."

## IV

■ We find that the evidence presented by the Government in this case satisfies the two-witness rule and was sufficient for the jury to convict Diggs of perjury. The testimony of three independent witnesses served to corroborate that of Vanover. Cannon testified that he looked at the box described by Vanover as the one delivered to his home by the defendant, and that he found a gun and an arms manual inside. Mrs. Vanover placed Diggs at her home the day of the delivery and testified that she later found a box containing metal parts which had not been there prior to defendant's earlier visit. Flamion not only testified to the presence of the box in the Vanover home and to its contents, but also related a conversation which she had with the defendant in which he said he would have thrown the box into the ocean had he known the trouble that would result. This was evidence which corroborated significant aspects of Vanover's principal testimony, sufficient, if believed, to convince a jury that Vanover's testimony was correct and that defendant was therefore guilty of perjury. This being so, the two-witness rule was satisfied.

The judgment of conviction is affirmed.

4. In *Weiler* the Supreme Court said that two elements must enter into any determination of whether corroborative evidence is sufficient: "(1) that the evidence, if true, substantiates the testimony of a single witness who has sworn to the falsity of the alleged perjurious statement; [and] (2) that the corroborative evidence is trustworthy." 323 U.S. at 610, 65 S.Ct. at 550.

In seeking to implement these guidelines the circuits have developed and applied various wordings of the standard. *See United States v. Hiss,* 185 F.2d 822, 824 (2d Cir. 1950), *cert. denied,* 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683 (1951) (independent proof of facts inconsistent with the innocence of the accused); *McWhorter v. United States,* 193 F.2d 982 (5th Cir. 1952); *United States v. Neff,* 212 F.2d 297 (3d Cir. 1954); *United States v. Thompson,* 379 F.2d 625 (6th Cir. 1967); *Arena v. United States,* 226 F.2d 227, 236 (9th Cir. 1955), *cert. denied,* 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830 (1956) (tends to establish the defendant's guilt, and if such evidence together with the direct evidence is inconsistent with the innocence of the defendant); *Brightman v. United States,* 386 F.2d 695 (1st Cir. 1967). Recently the Second Circuit interpreted the *Hiss* requirement "to mean no more than that such evidence must tend to substantiate that part of the testimony of the principal prosecution witness which is material in showing that the statement made by the accused under oath was false." *United Statts v. Weiner,* 479 F.2d 923, 927–28 (2d Cir. 1973).