2005 VT 47

**STATE of Vermont v. Wayne HUTCHINS**

[878 A.2d 241]

No. 04-188

¶ 1. April 8, 2005. Defendant Wayne Hutchins appeals from his conditional guilty plea to committing perjury. He argues that the trial court erred in denying his motion to dismiss the prosecution for lack of a prima facie case because: (1) the State failed to present sufficient independent corroborating evidence to support the charge; and (2) the State failed to show that the alleged perjurious testimony was material to any issue at the hearing where the alleged perjury occurred. We agree that the State's corroborative evidence was insufficient to support the charge, and we therefore reverse.

¶ 2. In August 2002, defendant pled guilty to committing a lewd act and furnishing malt beverage to a minor. When the victim of the criminal acts learned that defendant had received a large monetary settlement from his insurance company in an unrelated matter, she filed a civil suit against him. In connection with her suit, plaintiff filed an ex parte motion for trustee process, seeking to attach any of defendant's assets held by others. The court denied the motion and set the matter for an expedited hearing at plaintiff's request. At the hearing, held on September 18, 2002, defendant was served with a motion for a possessory writ of attachment. Plaintiff asserted that there was a reasonable likelihood that she would recover judgment against defendant in an amount greater than or equal to $350,000, and there was a clear danger that defendant would spend whatever cash he received from his insurance settlement. Although defendant indicated that he had not had time to hire counsel, the court asked him to respond to plaintiff's motions under oath.

¶ 3. Defendant was then examined under oath by plaintiff's attorney. He testified that he had received $100,000 in insurance proceeds approximately two weeks before the hearing. He stated that he had spent $30,000 cash on a mobile home, buried $40,000, and given $10,000 to his son, $10,000 to Larry Lanphere, and $10,000 to Paul Mayer. At the close of the hearing, the trial court approved the possessory attachment of $350,000 worth of defendant's assets. Later that day, Paul Mayer provided a signed affidavit denying that defendant had given

him $10,000. Mayer averred that on the morning of the attachment hearing, defendant had come running into his workplace, and said that he was being sued. According to Mayer, he rebuffed defendant's attempt to give him $10,000.

¶ 4. The State then charged defendant with perjury, alleging that he had knowingly testified falsely to a material matter. Defendant moved to dismiss the charge for lack of a prima facie case, asserting that the State's evidence was insufficient to prove falsity and materiality. As to his first argument, defendant maintained that the State failed to present any independent corroborating evidence to prove the falsity of his statements as required under Vermont law. See, e.g., *State v. Tinker*, 165 Vt. 548, 548, 676 A.2d 785, 785-86 (1996) (mem.) (when State presents only one witness to testify to falsity of defendant's statements, it must present independent corroborating evidence that is equal in weight to the testimony of another witness, and by itself, inconsistent with the innocence of the defendant).

¶ 5. After a hearing, the court denied defendant's motion to dismiss. It found that the hearing transcript provided circumstantial evidence that, along with Mayer's affidavit, lent sufficient support to Mayer's testimony to sustain the perjury charge. The court explained that the transcript showed that defendant knew he had been convicted of the conduct at issue in the pending civil suit, and that the victim's family was trying to reach his assets. The court noted that defendant had purchased a mobile home in cash but registered it in his son's name "in case something happens"; he had buried $40,000; and he had testified that he could not retrieve the money that he had given to his friends because he knew that they had spent it. The court concluded that this circumstantial evidence showed motive, as well as actual attempts to prevent assets from being discovered, and it sufficiently corroborated Mayer's assertion that defendant had not given him the money as he said he did. The court also rejected defendant's argument that his testimony was not material to any issue at the attachment hearing. Defendant entered a conditional guilty plea, and this appeal followed.

¶ 6. We review the trial court's denial of defendant's V.R.Cr.P. 12(d)(2) motion to dismiss to "determine whether the State met its burden in demonstrating that it had substantial, admissible evidence as to the elements of the offense challenged by the defendant's motion." *State v. Dixon*, 169 Vt. 15, 17, 725 A.2d 920, 922 (1999) (internal quotation marks and citation omitted); see also V.R.Cr.P. 12(d)(2) (State must establish that it has substantial, admissible evidence as to elements of offense challenged by motion sufficient to prevent the grant of a motion for judgment of acquittal at trial). In conducting our analysis, we view the evidence in the light most favorable to the State, and exclude modifying evidence, to determine if the evidence can fairly and reasonably establish defendant's guilt beyond a reasonable doubt. *State v. Baron*, 2004 VT 20, ¶ 2, 176 Vt. 314, 848 A.2d 275.

¶ 7. Perjury must be proved by the testimony of two witnesses, or by the testimony of one witness with independent corroborating evidence. *Tinker*, 165 Vt. at 548, 676 A.2d at 785-86 (citing *State v. Wheel*, 155 Vt. 587, 607, 587 A.2d 933, 945 (1990)). As previously noted, when the State presents only one witness to testify as to the falsity of a defendant's statements, the "independent corroborating evidence must be equal in weight to the testimony of another witness, and it must be, by itself, inconsistent with the innocence of the defendant." *Id.* (internal quotation marks and citations omitted). The State's corroborative evidence was plainly insufficient here.

¶ 8. In support of the perjury charge, the State points to the "unequivocal" nature of Mayer's affidavit, the transcript of the attachment hearing proceedings, and the testimony of Deputy Sheriff Donald Keeler and defendant's probation officer Stephen Hoke. Turning first to the transcript, we disagree with the trial court's conclusion that it contains circumstantial evidence that sufficiently corroborates Mayer's affidavit. The trial court discerned a motive to lie from the transcript, and pointed to defendant's attempts to hide his assets, as well as his knowledge that he had been convicted of the same conduct at issue in the civil proceeding. The facts identified by the trial court are equivocal, however, and they are not by themselves inconsistent with defendant's innocence. They equally support a finding that defendant testified truthfully at the attachment hearing. Giving Mayer $10,000 would be consistent with defendant's attempts to keep his assets from plaintiff; it would also be consistent with defendant's testimony that he gave $10,000 to two other individuals. Compare *State v. Tonzola*, 159 Vt. 491, 498, 621 A.2d 243, 246 (1993) (sufficient corroborative evidence existed to sustain perjury conviction where defendant's testimony that he had not committed any lewd acts was contradicted by testimony of multiple complaining witnesses who provided similar accounts).

¶ 9. The testimony of Sheriff Keeler and Stephen Hoke is equally insufficient to corroborate Mayer's assertion. Sheriff Keeler averred that on the day of the attachment hearing defendant left the courthouse and was gone for twenty minutes. Stephen Hoke testified that defendant told him that he did not want the State to know about his insurance settlement. This evidence is not, by itself, inconsistent with defendant's innocence, nor does it in any way tend to establish defendant's guilt of perjury beyond a reasonable doubt. See *United States v. Weiner*, 479 F.2d 923, 929 (2d Cir. 1973) (evidence that corroborates incidental facts in witness's testimony insufficient to satisfy two-witness rule; evidence must be independent and inconsistent with innocence of accused); *United States v. Diggs*, 560 F.2d 266, 270 (7th Cir. 1977) (no interpretation of two-witness rule permits perjury conviction "where the corroboration consists of merely peripheral testimony not tending to show the falsity of the accused's statements while under oath"). In this case, the record does not show what time defendant left the courtroom, nor how long it would take him to get to Mayer's workplace, assuming, of course, that he had $10,000 in cash with him at the hearing, or had sufficient time to retrieve it from another location. Even if the record did establish the time that defendant left the courthouse, it would not suffice to corroborate Mayer's allegation — defendant could have gone anywhere during his absence from the courthouse. Similarly, defendant's desire to keep his assets from the State is in no way inconsistent with his innocence of the charged crime; indeed, as discussed above, it equally supports an assertion that he testified truthfully.

¶ 10. In *Diggs*, the United States Court of Appeals for the Seventh Circuit explained that

> [a]s in all criminal cases, the burden on the Government against which its evidence must be judged is that of proving the defendant guilty beyond a reasonable doubt. The two-witness rule in perjury cases merely imposes an evidentiary minimum required to meet this burden as a matter of law. The rule focuses on the totality of the Government's evidence in order to assure a sufficiency necessary to fulfill its underlying policy that perjury convictions

not be based merely on an "oath against an oath."

560 F.2d at 270. In this case, the evidence presented by the State, whether considered separately or cumulatively, does not provide sufficient corroboration for Mayer's assertion that defendant lied under oath, and it is insufficient to establish defendant's guilt of perjury beyond a reasonable doubt. Because the State failed to establish a prima facie case of perjury, the trial court erred in denying defendant's motion to dismiss. See V.R.Cr.P. 12(d)(2) (trial court must dismiss information if State does not establish by affidavits, depositions, sworn oral testimony, or other admissible evidence, that it has substantial, admissible evidence as to the elements of the offense challenged by motion to dismiss); see also *Tinker*, 165 Vt. at 548, 676 A.2d at 786 (State's failure to present independent evidence to corroborate falsity of defendant's statements required reversal of his perjury conviction). Given our conclusion, we do not address defendant's argument that his testimony was not material to any issue at the attachment hearing.

*Reversed.*