*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-CF-699

DRECK S. WILSON, APPELLANT,

v.

UNITED STATES, APPELLEE.

FILED **10/11/2018**
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(CF2-22192-14)

(Hon. Anita Josey-Herring, Trial Judge)

(Submitted December 12, 2017          Decided October 11, 2018)

*Cecily E. Baskir* was on the brief for appellant.

*Channing D. Phillips*, United States Attorney at the time the brief was filed, and *Elizabeth Trosman*, *John P. Mannarino*, *Tamika Griffin Moses*, and *Elizabeth Gabriel*, Assistant United States Attorneys, were on the brief for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, EASTERLY, *Associate Judge*, and FERREN, *Senior Judge*.

EASTERLY, *Associate Judge*:   Appellant, Dreck Wilson, challenges his convictions for perjury, D.C. Code § 22-2402 (2012 Repl.), and obstruction of justice, D.C. Code § 22-722 (a)(6) (2012 Repl.), both premised on his allegedly

false, sworn statements as a defendant in a small claims case. In that case, Mr. Wilson testified that he did not have possession of his vehicle, an asset the plaintiff in that matter, Guyler Hill, sought to seize. In this appeal, Mr. Wilson argues that (1) the trial court plainly erred in permitting the government to constructively amend the perjury charge in the indictment, and (2) the government's evidence was insufficient to support his convictions, both as to the constructively amended perjury charge and the obstruction charge. We need not address Mr. Wilson's claim of plain error because we agree that the evidence is legally insufficient as to both charges and reverse.

When reviewing the sufficiency of the evidence, this court examines the evidence in the light most favorable to the verdict to determine whether the evidence was such that no reasonable factfinder could find guilt beyond a reasonable doubt. *Wade v. United States*, 173 A.3d 87, 94 (D.C. 2017). Although "[w]e make no distinction between direct and circumstantial evidence," we do not permit reliance on "mere speculation." *Id.* Specifically with respect to charges of perjury, "[t]he requirements of proof . . . are the strictest known to the law, outside of treason charges." *Riley v. United States*, 647 A.2d 1165, 1174 (D.C. 1994) (internal quotation marks omitted). "To prove a defendant guilty of perjury, the evidence must show that the defendant made a false statement of material fact

under oath with knowledge of its falsity. Actual falsity is necessary [for a] conviction." *Gaffney v. United States*, 980 A.2d 1190, 1193 (D.C. 2009) (internal quotation marks and citations omitted). In addition, "the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment as perjury." *Id.* at 1194 (internal quotation marks and citations omitted); *see also Hsu v. United States*, 392 A.2d 972, 981 (D.C. 1978) (explaining that under the so-called "two-witness rule," the government need not actually present two witnesses who provide direct evidence that the defendant's sworn statement was false; rather "one witness plus independent corroborative evidence will also suffice"). The requisite corroboration "need not be sufficient, by itself, to demonstrate guilt," but it must corroborate "the part of the primary witness's testimony that proves the falsity of the defendant's statement." *Gaffney*, 980 A.2d at 1194; *see also Boney v. United States*, 396 A.2d 984, 987 (D.C. 1979) (with regard to the sufficiency of the corroborative evidence, the test requires: "(1) that the evidence, if true, substantiates the testimony of a single witness who has sworn to the falsity of the alleged perjurious statement; (2) that the corroborative evidence is trustworthy.").

We begin our analysis with the perjury charge and note preliminarily that, although the indictment charged Mr. Wilson with "falsely testify[ing] [on April 9,

2013] that he did not have possession of his vehicle on April 5, 2013," the government concedes that it sought and obtained a perjury conviction based on a different theory, namely, that Mr. Wilson falsely testified on April 9, 2013, that he did not have possession of his car on that day. Thus we assess the sufficiency of the evidence to sustain a perjury conviction based on the theory the government pursued at trial.

The government argues that a reasonable juror could have determined that Mr. Wilson falsely testified at the April 9, 2013, hearing that he did not possess his car based on (1) the primary testimony of Mr. Hill, who the government represents saw the car outside Mr. Wilson's home on that day, and (2) the corroborating testimony of a representative of the Howard University Employees Federal Credit Union, Mr. Michael Hines, who explained that (contrary to Mr. Wilson's purported understanding), his entity had not yet repossessed Mr. Wilson's car on April 9, 2013, and did not succeed in doing so until December 2014. For the following reasons, we disagree that this evidence is sufficient to support Mr. Wilson's perjury conviction.

Mr. Hill never unequivocally testified that he saw Mr. Wilson's car outside Mr. Wilson's home on April 9, 2013. When he was initially asked on direct

examination if he saw the vehicle on Mr. Wilson's street at any time in April 2013, he testified, "I cannot be sure." When he was specifically asked about April 9, 2013, the day he and Mr. Wilson had been in court, he repeatedly qualified his testimony with "I think" or "I believe." Mr. Hill's continued "I believe" answers on cross-examination prompted defense counsel to clarify that he was not "asking what you believe." Defense counsel then asked Mr. Hill point blank if it was his "testimony that you saw [Mr. Wilson] in possession of the car" on April 9, 2013. Mr. Hill could only say that he was "pretty sure," and declined defense counsel's invitation to say that he was "certain."

As noted above, we maintain strict standards for proving perjury in the District of Columbia. At a minimum, the government must produce one witness who can "in positive terms, contradict the statement of the person indicted for perjury." *Cook v. United States*, 26 App. D.C. 427, 430 (D.C. Cir. 1906);[1] *see also*

---

[1] In *Cook*, the central issue was whether the defendant had lied about his location on the evening of a specific date. The court concluded, however, that "the government failed to give that *absolute and positive contradiction* which is required" where its witness testified on direct examination that the defendant had come over to her house with her son that night, but on cross-examination "she was unable to give any reason for fixing said date, and testified that the two boys had often slept together at her house, and that the night [she remembered] might not have been [the] Saturday night [in question], but might have been some other Saturday night." 26 App. D.C. at 430–31 (emphasis added).

*Gaffney v. United States*, 980 A.2d at 1195 ("The government does not meet its burden of proof in a perjury prosecution if it fails to pin the witness down to the specific object [of] the questioner's inquiry.") (internal quotation marks omitted).[2] We are in grave doubt that Mr. Hill's less than certain testimony that he saw Mr. Wilson's car on April 9, 2013, amounts to evidence that unequivocally (or in the words of *Cook*, "absolutely and positively," 26 App. D.C. 430–31) contradicted Mr. Wilson's testimony under oath that he did not have possession of his car on that day. *Riley v. United States*, 647 A.2d 1165, 1174 (D.C. 1994) ("Especially in perjury cases, defendants may not be assumed into the penitentiary.").

But even assuming the government could build a perjury case on Mr. Hill's testimony, we do not see the requisite corroboration in this record. Mr. Hines's testimony is insufficient as it is unrelated to Mr. Hill's testimony. Mr. Hines testified only that, although the Credit Union had put a skip trace[3] on Mr. Wilson's

---

[2] In support for this proposition, *Gaffney* cited *United States v. Chestman*, 903 F.2d 75, 81 (2d Cir. 1990) (*Chestman I*), *vacated on other grounds*, 947 F.2d 551 (2d Cir. 1991) (holding the evidence insufficient to support a perjury conviction when the timing of a conversation was critical—the government needed to prove that defendant had talked to another individual before 9:49 am—but the only witness who testified as to timing could only say the conversation occurred prior to 10:30 am).

[3] As a result, "all tow companies had a listing of the [car, and] it was to be repossessed if they found it."

car in February 2013, it did not succeed in seizing Mr. Wilson's car until December 2014. This testimony does not make it more likely that Mr. Hill saw Mr. Wilson's car on April 9, 2013. *Gaffney*, 980 A.2d at 1194 (explaining that "[w]hat must be corroborated is the part of the primary witness's testimony that falsifies the defendant's statement"). It does not even contradict Mr. Wilson's trial testimony that, after his car was impounded for expired plates in late March 2013, he sought to have it towed to a Chevy dealership, but it never reached its destination.[4] It merely establishes that the credit union was not responsible for the alleged disappearance of Mr. Wilson's car before the April 9, 2013, hearing. *See id.* (determining that the proffered corroboration was inadequate where it "neither confirmed the critical part of [the primary witness's] testimony nor furnished independent evidence proving the falsity of appellant's . . . statements").

Turning to the obstruction of justice conviction, we note that the government acknowledges that this conviction was "based on the same conduct" as the perjury conviction. We conclude that the two counts rise and fall together. Because the trial evidence did not permit a reasonable juror to conclude that Mr. Wilson

---

[4] The government appears to suggest that the requisite corroboration may be any evidence "inconsistent with [Mr. Wilson's] innocence." We disagree, but as explained above, Mr. Hines's testimony does not even satisfy that standard.

perjured himself when he represented under oath that he did not have possession of his car in court on April 9, 2013, it likewise does not permit a reasonable juror to conclude that he obstructed justice by perjuring himself.

For the foregoing reasons, the judgment of the Superior Court is

*Reversed*